UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL N. LAZARIDIS,

    Plaintiff,

v.

THE HERALD COMPANY, INC.,
a/k/a THE GRAND RAPIDS
PRESS, ADVANCE INTERNET
NY, L.L.C. and B.V.H., INC.,

    Defendants.

_____/

Case No. 5:05-CV-111

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendants The Herald Company, Inc.; Advance Internet NY, L.L.C.; and B.V.H., Inc's Motion to Dismiss.[1]  Also before the Court are Plaintiff Emmanuel N. Lazaridis' Appeal of United States Magistrate Judge Ellen S. Carmody's August 10, 2005 Order and his motions to Show Cause Why Defendant the Herald Company, Inc. Should Not Be Held in Default for Failure to Plead and for Order to Disqualify Counsel for B.V.H., Inc.  The Court has reviewed the filings and finds oral argument unnecessary.  W.D. MICH. LCIVR 7.2(d).

**I.    BACKGROUND**

Plaintiff commenced this defamation action *pro se* against Defendants after a newspaper article was printed in the Grand Rapids Press that portrayed Plaintiff as a kidnapper.[2]  The article was

---

[1] The motion to dismiss was originally brought by Defendants The Herald Company, Inc. and Advance Internet NY, L.L.C.  B.V.H., Inc. later joined in the motion.  Since the dismissal Motion applies to Plaintiff's claims and is indigenous to all Defendants, the Court will construe the Motion collectively as to all Defendants.

[2] Plaintiff's Complaint includes claims of "slander, libel, publicity-of-private-life invasion of privacy, false-light invasion of privacy, and intentional infliction of emotional distress."  (Pl.'s

also later electronically published on the website MLive.com. The article indicated that after Plaintiff and his ex-wife divorced, Plaintiff surreptitiously fled the United States with their young daughter. Plaintiff's filings indicate that he presently resides in Greece on the island of Crete.

Shortly after the article was published, the Ottawa County Circuit Court issued a felony arrest warrant against Plaintiff. Plaintiff is aware of the warrant but refuses to answer it because he contends, *inter alia*, that Michigan has no jurisdiction over him. Plaintiff claims that he is not a kidnapper and filed the instant defamation suit. Defendants consider Plaintiff a fugitive and moved for dismissal under the doctrine of fugitive disentitlement. *See, e.g., Degen v. United States*, 517 U.S. 820, 823 (1996).

## II. CONTROLLING STANDARDS

As a preliminary matter in regard to Defendants' fugitive disentitlement dismissal theory, the Court observes that Defendants have not raised this point pursuant to Federal Rule of Civil Procedure 12(b)(6) and it technically should have been pled as an affirmative defense. FED. R. CIV. P. 8(c). However, given that pertinent facts at this point in the proceedings are not in dispute—and because Defendants' fugitive disentitlement dismissal theory is largely a legal question—the Court will construe this argument pursuant to Rule 12(b)(6).[3] The Court further observes that Defendants

---

Compl. at 2). For ease of reference, Plaintiff's claims will be generically referred to as defamation. The Court acknowledges that Plaintiff actually asserts two defamation causes, two causes under the tort of invasion of privacy, and a claim of intentional infliction of emotional distress.

[3] The Court is disinclined to visit a hyper-technical application of the Rules upon the parties, especially in light of the dispositive nature of Defendants' fugitive disentitlement theory and since no further factual inquiry is needed. This Court concurs with Professors Wright and Miller's belief that "[i]n situations such as these, the federal courts appear to be wise in overlooking the formal distinctions between affirmative defenses and motions, which have their primary justification in history rather than logic." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277 (3d ed. 2004).

have asked the Court to consider matters outside of the pleadings on their dismissal theory, and therefore, the Court will review Defendants' dismissal arguments under Rule 56 rather than Rule 12(b)(6). *See* FED. R. CIV. P. 12(b). Stated another way, because this Court is endowed with discretion to construe the Rules in a manner to furnish just, speedy, and inexpensive resolutions, FED. R. CIV. P. 1, the Court has chosen to construe a motion to dismiss that technically belongs in an affirmative answer and reviewed it as seeking summary judgment.[4]

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleading but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient

---

[4] Plaintiff has responded to Defendants' fugitive disentitlement with a lengthy Brief in Opposition and Sur-reply Brief. The Court believes Plaintiff has received sufficient notice and opportunity to respond to Defendants' Motion. *See* WRIGHT & MILLER § 1277.

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

It is with these principles in mind that the Court turns to the merits of Defendants' Motion to Dismiss.

### III.   DISCUSSION

Federal courts have the discretionary authority to dismiss an action if the party seeking relief is a fugitive while the matter is pending. *Degen*, 517 U.S. at 824. The Supreme Court has advanced several reasons for so investing within the judiciary such discretion.

> First, so long as the party cannot be found, the judgment on review may be impossible to enforce . . . . Second, we have said an appellant's escape "disentitles" him "to call upon the resources of the Court for determination of his claims." . . . [Third, d]isentitlement "discourages the felony of escape and encourages voluntary surrenders," and "promotes the efficient, dignified operation" of the courts.

*Id.* (internal citations omitted). Ordinarily, the doctrine works to disentitle a fugitive from maintaining an appeal of his criminal conviction while remaining a fugitive from justice. *See, e.g., Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970). If the fugitive appellant turns himself in or is captured before his case reaches an appellate docket, the doctrine carries little force. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 249 (1993). Since this case arises in the context of a civil plaintiff charged with fugitivity by private parties, the Court discerns that most of the existing fugitive disentitlement case law does not squarely address this scenario.

In the civil context, Plaintiff will be disentitled from maintaining an action in this Court if (1) he is a fugitive; (2) his fugitivity is connected to his defamation action; and (3) summary judgment against him is necessary to effectuate the concerns giving rise to the fugitive disentitlement doctrine. *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998) (referencing *Degen*, 517 U.S. at 829 and *Ortega-Rodriguez*, 507 U.S. at 242-49).

As noted earlier, there remains an unanswered warrant for Plaintiff's arrest in Ottawa County, and the Court considers Plaintiff to be a fugitive in a very real sense. Plaintiff is quick to point out that he has neither been tried nor convicted of anything and the definition of fugitive is not fixed under the doctrine. *See Degen*, 517 U.S. at 828 (declining to equivocally specify whether Degen was a fugitive by remaining in Switzerland after a federal indictment issued against him). The Court acknowledges as much, but recognizes that a fugitive is also one who evades arrest on criminal suspicion as well one who flees prosecution or punishment.[5] BLACK'S LAW DICTIONARY 680 (7th ed. 1999) ("**2.** A criminal suspect who flees, evades, or escapes arrest, prosecution, or imprisonment, [especially] by fleeing the jurisdiction or hiding."). Thus, the Court does not consider the definition

---

[5] Furthermore, Congress has responded to the Supreme Court's reluctance in *Degen*, in the context of asset forfeiture, to legislate that:

> (a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person –
>
> (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution –
>    (A) purposely leaves the jurisdiction of the United States . . . .

* * *

28 U.S.C. § 2466.

of a fugitive under the fugitive disentitlement doctrine to be limited to only those convicted of a crime. It is enough that Plaintiff purposely leave the issuing jurisdiction and refuse to answer a criminal warrant.

Plaintiff's fugitivity is not only connected to his defamation action, the validity of the former necessarily negates the latter. All of Plaintiff's claims grow out of Defendants' article and its portrayal of Plaintiff as a kidnaper. Should it be found in a criminal proceeding that Plaintiff did in fact kidnap his child, then it is virtually certain that Plaintiff cannot continue with his defamation claims. *See Haase v. Schaeffer*, 122 Mich. App. 301, 304 (1983) (slander); *Rouch v. Enquirer & News of Battle Creek*, 440 Mich. 238, 251 (1992) (libel); *Duran v. The Detroit News, Inc.*, 200 Mich. App. 622, 631-32 (1993) (false-light invasion of privacy); *Swickard v. Wayne County Med. Exam.*, 438 Mich. 536, 549 (1991) and RESTATEMENT (SECOND) OF TORTS § 652D, cmt. f (1977) (publicity given to private life); *Duran*, 200 Mich. App. at 630 (intentional infliction of emotional distress). Thus, the Court finds that Plaintiff's claims are directly connected to his status as a fugitive.

Policy considerations underlying the fugitive disentitlement doctrine also warrant summary judgment in Defendants' favor. Disentitling Plaintiff from adjudicating his claims in this Court encourages voluntary surrender of a suspected felon and promote the efficient and dignified operation of this Court. Although the Court's dignity might not be directly affronted by Plaintiff's flight, its notions of equity and justice certainly have been insulted by a plaintiff who refuses to answer a warrant for charges that make up the predicate of his underlying claim. "It is well-established that federal courts possess broad discretion to fashion equitable remedies." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 460 (6th Cir. 2004) (citing *United States v. R.W. Meyer, Inc.*, 932 F.2d 568, 572-73 (6th Cir. 1991). Plaintiff is reaching back into the

United States for the limited purpose of suing Defendants while refusing to acknowledge or answer an outstanding warrant for his arrest. Such a paradox is not well received in this Court.[6]

Lastly, the Court makes clear that its grant of summary judgment against Plaintiff is without prejudice. Should Plaintiff return to Ottawa County and successfully answer the felony warrant against him, his status as a fugitive would abate, and the Court can presently divine no reason not to entertain Plaintiff's defamation action at that time.[7] However, until that time, a non-prejudicial dismissal under the fugitive disentitlement doctrine is a measured and "reasonable response to the problems and needs that provoke[d]" its use.[8] *Degen*, 517 U.S. at 823-24.

## IV. CONCLUSION

Therefore, the Court will grant Defendants The Herald Company, Inc. and Advance Internet NY, L.L.C.'s, as joined in by Defendant B.V.H., Inc., Motion to Dismiss. The Court will deny Plaintiff Emmanuel N. Lazaridis' Appeal of United States Magistrate Judge Ellen S. Carmody's August 10, 2005 Order and his motions to Show Cause Why Defendant the Herald Company, Inc.

---

[6] The Court observes that *Degen* counsels against a broad application of the fugitive disentitlement doctrine when the Government is seeking to dispossess a plaintiff of property. 517 U.S. at 828. Similarly, this Court would be advised to resist application of the doctrine were some fundamental right implicated. *See March v. Levine*, 249 F.3d 462, 470 (6th Cir. 2001) (same reservations when right to raise child involved). However, given that Plaintiff is merely suing to establish tort liability, this Court is confident that the doctrine is a good fit for this case, especially since it is Plaintiff who initiated this litigation and no party is seeking to deprive him of anything.

[7] The Court is not of the opinion that Plaintiff must ultimately prevail in criminal court. *Cf. Heck v. Humphrey*, 512 U.S. 477 (1994). It is enough that he return to Ottawa County and answer the warrant, allowing the state criminal justice system the opportunity to first consider the matter.

[8] Because the Court will grant Defendants' Motion, Plaintiff's Appeal of United States Magistrate Judge Ellen S. Carmody's August 10, 2005 Order and his motions to Show Cause Why Defendant the Herald Company, Inc. Should Not Be Held in Default for Failure to Plead and for Order to Disqualify Counsel for B.V.H., Inc. will be denied as moot.

Should Not Be Held in Default for Failure to Plead and for Order to Disqualify Counsel for B.V.H., Inc. as moot.  Plaintiff's Complaint shall be dismissed without prejudice.  A Judgment consistent with Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 26, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |