UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL N. LAZARIDIS,

    Plaintiff,

  v.

THE HERALD COMPANY, INC., a/k/a THE GRAND RAPIDS PRESS, ADVANCE INTERNET NY, L.L.C. and B.V.H., INC.,

    Defendants.

_____/

Case No. 5:05-CV-111

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Plaintiff Emmanuel N. Lazaridis' Motion to Alter Judgment under Federal Rule of Civil Procedure 59.  Plaintiff asserts that because he is a United States citizen and is not domiciled in any state, he is stateless for purposes of 28 U.S.C. § 1332, and therefore this Court cannot exercise subject matter jurisdiction premised upon diversity of citizenship.  *See Nat'l Enterp. Inc. v. Smith*, 114 F.3d 561 (6th Cir. 1997).  In reviewing Plaintiff's Motion, the Court observed that Plainiff also claimed to be a citizen of Greece and did not provide any evidence demonstrating his citizenships or connection to either the United States or Greece.

    Thus, on March 7, 2006, the Court ordered Plaintiff to supplement his Motion to Alter Judgment and: (1) provide documentary evidence of his citizenship; (2) document how and when he acquired such citizenships; (3) indicate where he intends to reside permanently; (4) certify if and where he owns real property; (5) indicate what country's passport he travels under; (6) articulate what country's governmental process he participates in (*i.e.*, where he votes, pay taxes, or holds a driver's license, *etc.*); and (7) provide documentary evidence as to his place(s) of residence at all

times since 2002 in an effort to ascertain Plaintiff's effective or dominant nationality for jurisdictional purposes.

Rather than respond to the Court's March 7, 2006 Order to Supplement, Plaintiff (in a pleading titled "Supplemented Motion to Alter Judgment Under Rule 59 " where the Court expected to find the answers to its inquiries) requested that the Court appoint him counsel before responding to the Court's Order to Supplement. Since this is a civil matter, the Court recognizes that it is exceedingly rare to appoint counsel. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Moreover, the Court's requests for information were not complex such that it would have been easy for Plaintiff to appropriately respond. Accordingly, no exceptional circumstances warrant appointing counsel in this case. *McKeeves v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06.

Turning to Plaintiff's Motion to Alter Judgment, Plaintiff has in no way responded to the Court's modest requests and otherwise failed to provide any evidence so that the Court could determine his effective or dominant nationality.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter Judgment (Dkt. No. 89) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 9, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |